## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:      **TRI COUNTY CONTRACTORS, INC.**      **CASE NO.**      **14-02359-ee**

**DEBTOR(S)**                                    **CHAPTER   7**

---

## UNITED STATES TRUSTEE'S OBJECTION TO AMENDED FIRST AND FINAL APPLICATION FOR COMPENSATION FOR COUNSEL OF DEBTOR IN CHAPTER 7 PROCEEDING

---

COMES NOW David W. Asbach, Acting United States Trustee for Region 5 ("UST"), by and through undersigned counsel, and files this Objection to the Amended First and Final Application for Compensation of Debtor in the Chapter 7 Proceeding (DKT. #331), and in support thereof respectfully submits the following:

1.      After notice to all parties, the court may award to a professional (A) reasonable compensation for actual, necessary services rendered by the professional; and (B) reimbursement for actual, necessary expenses. 11 U.S.C. § 330(a)(1). The court shall not allow compensation for duplicate services or services that were not a benefit to the estate or necessary to the administration of the case. § 330(a)(4)(A).

2.      An applicant must establish that its services were "necessary to the administration" of the bankruptcy case or "reasonably likely to benefit" the bankruptcy estate at the time the services were rendered. *Barron & Newburger, P.C. v. Texas Skyline, Ltd. (In re Woerner)*, 783 F.3d 266, 276 (5th Cir. 2015). Additionally, fees must bear some reasonable relationship to the estate. *In re Sapolin Paints, Inc.*, 38 B.R. 807, 812 (Bankr. E.D.N.Y. 1984). The applicant carries the burden of establishing that the applicant is entitled to an allowance of compensation and

reimbursement of expenses.  *In re Waldoff's, Inc*., 132 B.R. 329, 332 (Bankr. S.D. Miss. 1991) (citing *In re Consolidated Bancshares, Inc.*, 785 F.2d 1249, 1257 (5th Cir. 1986)).

3.      The Debtor filed this case as a chapter 11 proceeding on July 25, 2014.  Just six months later, on January 23, 2015, the Court converted this case to a chapter 7 proceeding.

4.      According to this fee application, these services were provided post-conversion by Mr. McGee from January 23, 2015, through September 26, 2018.

5.      This Mr. McGee fee application includes post-conversion invoices and seeks compensation for charges incurred after the case converted to chapter 7.  Mr. McGee cannot be compensated for services performed after this case converted to chapter 7 "unless properly appointed pursuant to § 327."  *In re Sesco, Inc.*, No. 03-05675-ee, DKT. #95, *4 (Bankr. S.D. Miss. Jan. 12, 2007) (Olack, J.) (citing *Lamie v. United States Trustee*, 540 U.S. 526, 538-39 (2004)); *see also*, *Woerner, supra*, 783 F.3d at 273 (5th Cir. 2015) (holding debtor's attorney cannot be compensated for work performed after a trustee is appointed).

6.      Mr. McGee was not employed by the chapter 7 trustee in this case.  Since all of these billing charges are for post-conversion work by Mr. McGee after a chapter 7 trustee was appointed, the UST avers that this fee application must be denied.

7.      The UST reserves the right to bring further objections to the fee application at any hearing on this matter.

WHEREFORE, PREMISES CONSIDERED, the United States Trustee prays that the Court deny this fee application.  The United States Trustee also prays for general relief to which entitled in these premises.

2

RESPECTFULLY SUBMITTED, this the 27th day of September, 2018.

DAVID W. ASBACH
Acting United States Trustee
Region 5, Districts of
Louisiana and Mississippi

By:    */s/Christopher J. Steiskal, Sr.*
CHRISTOPHER J. STEISKAL, SR.

CHRISTOPHER J. STEISKAL, SR. (MSB #101654)
TRIAL ATTORNEY
UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE, REGION 5
501 EAST COURT STREET, SUITE 6-430
JACKSON, MISSISSIPPI  39201
TEL: (601) 965-5241
FAX: (601) 965-5226
EMAIL:  christopher.j.steiskal@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading has been served on the below-named individual(s) this day via first class U.S. Mail at the address listed below or electronically served via the electronic mail address on file with the Court's CM/ECF system:

James G. McGee, Jr.                    Stephen Smith
                                       Derek A. Henderson

DATED, this the 27th day of September, 2018.

*/s/Christopher J. Steiskal, Sr.*
CHRISTOPHER J. STEISKAL, SR.